the plaintiff wrote to the defendants to the effect that some of the lumber was not according to the contract, and offered to accept 9,032 feet, and hold the balance subject to defendants' order, and plaintiff inclosed his check for the amount he offered to accept. After the second car was received and unloaded, the plaintiff sent defendants his check for the same, less a small amount, which he refused to accept. The defendants returned both checks to the plaintiff, and asked "that the lumber be placed back on the cars, and we will take care of it." The plaintiff answered, stating that he accepted none of the lumber, and asked defendants to take it away, and pay plaintiff his charges and damages. Defendants answered, "If the lumber is all there, Mr. Wyckoff can easily load same on cars, and send us his bill, and we will send New York draft promptly to take care of same." Then one of the defendants called at the plaintiff's place of business, and told the plaintiff's servant in charge to have the plaintiff make out his bill, and defendants would pay the charges. The plaintiff reloaded the lumber, and sent one car load to the defendants, and the defendants accepted and sold the other at Elmira. The items in the above extract from the complaint are the plaintiff's charges; one being for freight paid, and the others a reasonable estimate of the cost to the plaintiff in servant's wages of the loading and unloading. Upon these facts the contract for the purchase and sale of the lumber was rescinded upon plaintiff's promise to restore the lumber and defendants' promise to pay him his reasonable charges. The plaintiff has restored the lumber, but defendants have not paid the charges. The defendants' agreement to pay the charges was a ratification of them equivalent, in legal effect, to an original request to pay or incur them, and thus the complaint sets forth the facts according to their legal effect. We do not think there is a substantial variance between the complaint and proof.

Judgment affirmed, with costs. All concur.

---

(47 App. Div. 207.)

## VADNEY v. ALBANY RY.

(Supreme Court, Appellate Division, Third Department. January 8, 1900.)

EJECTION FROM STREET CAR—EVIDENCE.

The principal question in an action for ejection of a passenger from a street car being whether he was guilty of disorderly conduct, calling for interference of the conductor, it is error to admit evidence that thereafter he was arrested and charged with disorderly conduct at the time of the ejection, and was acquitted.

Appeal from trial term, Albany county.

Action by Richard Vadney against the Albany Railway. From a judgment on a verdict for plaintiff, defendant appeals. Reversed.

The plaintiff was ejected from a street car by the conductor; the defendant claiming that plaintiff was guilty of such disorderly conduct as to justify the act of the conductor, and plaintiff claiming that he was not guilty of disorderly conduct, and that the ejectment was wrongful.

Argued before PARKER, P. J., and LANDON, MERWIN, and KELLOGG, JJ.

John H. Gleason, for appellant.

John Scanlon (Mark Cohn, of counsel), for respondent.

KELLOGG, J. One of the principal questions for the jury to pass upon in this case, and the one most sharply litigated, was whether or not the plaintiff was guilty of disorderly conduct on the street car, which called for the interference of the conductor. On the crucial question tried, and where the evidence is measurably balanced, it is of importance, always, to see that no improper evidence gets before the jury, which reasonably might affect their minds and change the balance. An examination of the case shows that there was enough presented before the jury to allow them to infer that some days after the transaction the plaintiff had been arrested on complaint of the conductor, charged with disorderly conduct on the occasion under inquiry, and had been tried and acquitted. As the arrest constituted no part of the act of ejectment, and damages for such arrest could not be considered in this action, the evidence should have been excluded. The printed case shows this to have occurred on the trial:

"Richard Vadney recalled by plaintiff. Question by Plaintiff's Counsel: Did the conductor enter a complaint against you before the recorder of the city of ·Cohoes? (Objected to; incompetent, immaterial, and irrelevant.) The Court: You may state why you saw a lawyer. (Defendant excepts.) A. Because I was arrested. Q. Dam, too? A. Yes, sir. Q. On the complaint of the conductor? A. Yes, sir. (Defendant's counsel moved to strike out the evidence as incompetent, immaterial, and irrelevant. Motion denied. Exception.) Q. Were you acquitted on that charge? (Objected to as immaterial, incompetent, and irrelevant. Objection overruled. Exception.) A. Yes, sir."

It is not difficult to see that this evidence might have had an important bearing in the minds of the jurors on the question of actual disorderly conduct, and also on the question of damages. They might have considered that the question of disorderly conduct charged had been once tried out, and settled in plaintiff's favor; and they might have been induced to enhance the damages because of the groundless arrest. As pertinent to this view of what the jury might have considered, we find this language used in the charge of the learned trial justice:

"I am not going to quote from this evidence to you. It has just been taken. It is fresh in your minds and in your memories. You have heard it all, and paid strict attention to it. * * * In the light of the evidence before you, then, the question would be one of damages. On that question it is simply the duty of the court to say you are the judges of what damages should be allowed."

I find nothing in the charge implying that the jury might not properly regard, with such weight as they might choose, the fact of a previous acquittal of the charge of disorderly conduct, or that they might not properly take into account, in fixing damages, the groundless arrest.

I think the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.